### No. 677
### TERRY v. McSHAFFREY CONST. CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 845.   Decided Oct. 29, 1924

**951.  PRINCIPAL AND AGENT—Where both make offers to a party, dealing with same subject matter, is not a question of construction for the court, but one of fact for the jury to determine what the real contract was.**

WASHBURN, J.

William Terry brought an action in the Summit Common Pleas against the T. E. McShaffrey Construction Co. to recover damages for a breach of contract made by the Construction Co. to sell and deliver certain municipal bonds.

It seems that the Construction Co. was engaged in the business of constructing, paving, and other public improvements for municipalities under contracts obtained by competitive bidding.  Owing to the condition of the bond market it was necessary for the McShaffrey Co., in order to secure jobs bid upon, to bid par for municipal bonds which were to be issued to obtain funds with which to make the improvements bid upon, because otherwise the municipality could not market its bonds, not being permitted to sell below par.   It was customary for bond brokers to secure their supply of municipal bonds from contractors who thus obtained and resold such bonds for less than par.

In this case the McShaffrey Co. had corresponded with the Terry, Briggs and Co., who were brokers, stating that it contemplated obtaining $75,000 of Akron Improvement Bonds.

The McShaffrey Co. wrote that it would put in a bid for par·value at the city's sale of the bonds. At the sale of said bonds the McShaffrey Co. bid par but the market had improved so that bond brokers appeared and bid more than par. Thus the McShaffrey Co. did not get the bonds. The trial court rendered a judgment in favor of the Construction Co.

Error was prosecuted by Terry and it was claimed that correspondence between the Construction Co. and himself constituted a contract by which the parties are bound; that evidence was not competent as to market conditions; the character of the business of the parties; nor of any other negotiations and dealings of the parties in reference to said bonds.

The McShaffrey Co. claimed that it was understood by the parties that no agreement as to the sale of said bonds was to become effective, unless and until said bonds were sold by the municipality to the McShaffrey Co. at par. It is also claimed that one, Martin, and agent of Terry, placed bids higher than par at the municipal sale of the bonds. The Court of Appeals held:

1. There was no written contract between the parties in the sense that they first negotiated and agreed and then drew up a formal contract which both signed.

2. Jury was perfectly justified in finding that Terry was at the same time making an offer through his agent, Martin, and also an offer direct by mail; and under such circumstances it was not a question of construction for the court, but a question of fact for the jury to determine what the real contract was.

3. Evidence tending to show the situation of both parties and evidence that served to indicate that both parties understood that in the very nature of things their dealing was contingent upon whether or not the McShaffrey Co. should acquire said bonds from the municipality, was competent. Such evidence and evidence as to the transactions of Martin, would assist the jury in determining what the real contract was.

4. Under the circumstances of Terry and his agent, Martin, negotiating with the same party relating to the same subject matter, evidence is admissible of the talk with the agent and of a telephone conversation with the principal, and it was for the jury to say from all the evidence what the real contract between the parties was.

5. The charge of the court to the jury was not misleading under the circumstances by including, "it is a matter entirely within your province (the jury's) to determine what the contract was."

6. The judgment of the lower court is not against the weight of the evidence, and substantial justice was done. Judgment affirmed.

Attorneys—Mather, Nesbitt & Willkie, Doyle & Lewis, and W. H. McClellan for Terry; Rockwell & Grant for McShaffrey Co.; all of Akron.